UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>   Plaintiff,<br><br>v.<br><br>B. DOBE; MICHAEL DIDIER; KIRBY GIULIO; ALEXCIA JORDAN; GERALD JOHNSON; and ELISE BURTON,<br><br>   Defendants. | Case No. 2:25-cv-00492-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff John-Michael Ray Durham's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1).

Under 28 U.S.C. § 1915, the Court must review Durham's request to determine whether he may proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at \*1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Durham's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

MEMORANDUM DECISION AND ORDER – 1

For the reasons explained below, Durham's Application for Leave to Proceed in Forma Pauperis is GRANTED, and his Complaint is DISMISSED with leave to amend.

## II. BACKGROUND

On or around August 17, 2025, Durham alleges he was assaulted by Defendant Michael Didier, and subjected to intimidation and retaliation by Defendants Kirby Giulio, Alexcia Jordan, Gerald Johnson, and Elise Burton for reporting the alleged assault. Dkt. 2, at 5–6. Following the incident, Durham further alleges that he was wrongfully terminated by Express Employment Professionals ("EEP"), forcibly removed from his vehicle, physically manhandled, and publicly humiliated by Defendant B. Dobe, that his vehicle was impounded, and that he was banned from State Fairgrounds property, all in further retaliation. *Id.* Durham asserts that "[t]hese actions were premeditated, orchestrated, and maliciously intended to silence [him]" for reporting the assault, and to deprive him of employment and access to legal resources. *Id.*

In the Complaint, Durham claims Defendants violated his First, Fourth, and Fourteenth Amendment rights, as well as various Idaho state tort laws and the Idaho Constitution. Dkt. 2, at 7–9.

## III. LEGAL STANDARD

### A. Application to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he

MEMORANDUM DECISION AND ORDER – 2

possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678. The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the Federal Rules of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012*); see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)

MEMORANDUM DECISION AND ORDER – 3

(noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed in Forma Pauperis

The Court has examined Durham's Application to Proceed in Forma Pauperis and finds it does establish his indigence. Durham lists his monthly income as $123.00 and his monthly expenses as $530.00. The only asset Durham possesses is his truck, listed with a value of $6,000. While he does claim that money is owed to him by "Title and storage RV lot," it is unclear who that party is or what amount is owed. Taking Durham's application at face value shows that he is operating on a $407.00 deficit from month to month, which indicates that he is unable to pay the filing fee. Durham's application to proceed in forma pauperis is, therefore, GRANTED.

### B. Sufficiency of Complaint

Durham's Complaint names six defendants and alleges various violations of the

MEMORANDUM DECISION AND ORDER – 4

United States and Idaho Constitutions, and Idaho state tort laws.[1]

The Court further notes that qualified immunity may bar Durham's claims against the police and other public actors. However, at this early stage in the litigation, that doctrine's applicability is uncertain, so the Court will reserve further discussion of that issue for later.

Turning to the merits, the Court will walk through each of Durham's claims below.

### 1. First Amendment Claim

In his Complaint, Durham states that all Defendants retaliated against him for "exercising his First Amendment right to petition the government and report criminal conduct." *See* Dkt. 2, at 7. Specifically, he alleges that the termination of his employment, his ban from the state fairgrounds, the seizure of his property, and his subjection to intimidation all came in retaliation for him reporting the assault upon him by Defendant Didier.

Though Durham makes this claim with some level of generality, the Complaint plausibly alleges that at least some defendants retaliated against him for reporting a crime. This retaliation, if proven, could constitute a violation of his First Amendment rights. *See Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). However, this claim would only be viable as it pertains to state actors because of the state action doctrine. Under the state action

---

[1] Durham potentially includes several other defendants in his civil cover sheet. It is unclear what exactly he alleges against the Defendants listed after Elise Burton. Additionally, it is unclear whether Durham intends to sue the Kootenai County Sheriff's Department in addition to Deputy B. Dobe, or if he only listed the department on the civil cover sheet as a signifier of who Deputy Dobe is. As explained below, the Court finds other issues with Durham's Complaint and grants leave for him to amend those issues, so when he files an Amended Complaint, the Court also asks for his clarification on exactly who he intends to sue.

doctrine, only individuals acting under color of state law may be held liable under § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935–36 (1982). Because Durham alleges First Amendment retaliation by all Defendants, but most of the Defendants are private individuals rather than state actors, this claim may only proceed against Deputy Dobe.  If Durham believes other defendants are state actors, he may plead the facts which he believes show state action in his amended complaint, if he chooses to file one.

### 2.  *Fourth Amendment Claim*

Durham also alleges in his Complaint that police "unlawfully entered Plaintiff's vehicle, seized his person, and forcibly removed him without probable cause, warrant, or justification, in violation of the Fourth Amendment." Durham specifies that police impounded his truck, which contained his medication and important paperwork.

This claim seems facially plausible. While Durham pleads few facts to support the claim, on the most basic level he asserts wrongdoing that, if proven, would constitute a violation of his Fourth Amendment rights. Accordingly, this claim may proceed.

### 3.  *Fourteenth Amendment Due Process Claim*

Durham claims that all Defendants acted in concert to "deprive[] Plaintiff of liberty and property without due process of law." Construing the Complaint liberally, it appears that Durham's asserted liberty and property interests are his interests in his employment, access to the state fairground, his truck, and its contents.

As stated above, the state action doctrine applies to Fourteenth Amendment claims. While Deputy Dobe is a state actor, it is unclear based on Durham's factual allegations whether the individuals who deprived him of his employment and access to

MEMORANDUM DECISION AND ORDER – 6

the state fairgrounds are also state actors. As such, the Court is unable at this time to determine whether this claim may proceed against them. Accordingly, this claim is DISMISSED WITHOUT PREJUDICE.

### 4. Fourteenth Amendment Equal Protection Claims

Durham claims generally that all Defendants additionally "treated him differently from other victims of crime, in violation of the Fourteenth Amendment."

This claim lacks any factual support. Nothing in the Complaint makes any specific factual allegation against any Defendant indicating that Durham's right to equal protection was violated. As stated above, a plaintiff's reciting of the elements of a cause of action and making of conclusory statements that purport to support that recitation do not make up a validly pled claim. Accordingly, this claim is DISMISSED WITHOUT PREJUDICE.

### 5. Idaho Constitutional Claims

Durham claims that Defendants violated several provisions of the Idaho Constitution, including Arts. XII, XIII, and XVIII.

This claim fails because Idaho law has no generalized cause of action which allows a plaintiff to sue for Idaho constitutional violations, *Dreyer v. Idaho Dep't of Health & Welfare*, 455 F. Supp. 3d 938, 944–45 (D. Idaho 2020), and even if it did, Durham did not plead facts which raise a reasonable inference of a colorable constitutional violation. Accordingly, this claim is DISMISSED.

### 6. State Law Tort Claims

Durham finally claims that Defendants committed several state law torts against him. These claims, too, are rife with vagueness, such that it is somewhat difficult to tell

MEMORANDUM DECISION AND ORDER – 7

which Defendant is being accused of what tort. However, the overall context of the Complaint seems to implicitly attribute certain offenses to particular Defendants, even if Durham himself declined to provide such clarity.

### a. Assault and Battery

First, it appears that the assault and battery charges under Idaho Code §§ 18-901 and 18-903, respectively, are brought against Defendant Michael Didier, who seems to have been Durham's coworker at the time of the incident. The facts alleged state a claim upon which relief may be granted. Accordingly, this claim is sufficiently pled and may proceed.

### b. False Imprisonment

Second, the false imprisonment charge under Idaho Code § 18-2901 is also unclear, but the facts imply that only Deputy Dobe could possibly be charged with this offense. If the allegation does in fact arise from Dobe's "physical manhandling," it is possible that there is a valid cause of action against Dobe for false imprisonment under the state statute, unless the doctrine of qualified immunity would apply to bar such an action. Regardless, determining whether qualified immunity applies is a fact-dependent inquiry, and the Court does not at this early stage have sufficient facts to make such a determination. Accordingly, this claim may also proceed against Deputy Dobe. It is dismissed as to all other defendants.

### c. Conversion

Third, Durham appears to assert the conversion claim against Deputy Dobe for the "wrongful taking of Plaintiff's vehicle, medication, and legal and Government issued documents." Again, it is worth noting that qualified immunity may apply to bar this claim, but as the Court cannot determine whether that doctrine applies at this time, Durham has

MEMORANDUM DECISION AND ORDER – 8

sufficiently pled his conversion claim to satisfy the low bar of initial review as against Deputy Dobe.

### d. Intentional Infliction of Emotional Distress

Fourth and finally, Durham generally alleges that the Defendants are liable for intentional infliction of emotional distress. Review of the Complaint reveals that to Durham, Deputy Dobe's alleged physical manhandling and removal of Durham from his truck "in full view of community members at the Fairgrounds" and the other Defendants' "coordinated effort to humiliate, intimidate, and punish" him were sufficient to cause emotional distress upon him. However, the facts alleged against the Defendants aside from Deputy Dobe do not raise the reasonable inference that they engaged in a coordinated effort to humiliate him. As such, this claim is also DISMISSED as to the other Defendants' conduct.

### C. Leave to Amend

If amending a complaint could remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Because Durham may be able to state a claim upon relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy its deficiencies.

### V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Application for Leave to Proceed in Forma Pauperis is GRANTED.

2.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as outlined above. The Court grants Plaintiff leave to file an Amended Complaint in

MEMORANDUM DECISION AND ORDER – 9

substantial compliance with the Court's analysis above. Plaintiff must file his Amended Complaint within 30 days of the issuance of this Order.

3.  Failure to file an Amended Complaint or give notice of voluntary dismissal within the ordered timeframe will result in the full dismissal of this case **WITH PREJUDICE AND WITHOUT FURTHER NOTICE.**

DATED: June 9, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 10